UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAFONZO R. TURNER,

    Plaintiff,

  v.

G. D. LEWIS, et al.,

    Defendants.

Case No. 15-cv-00078-KAW(PR)

**ORDER SERVING COGNIZABLE CLAIMS AND DISMISSING NONCOGNIZABLE CLAIMS**

## INTRODUCTION

Plaintiff Lafonzo Turner, a state prisoner incarcerated at California State Prison in Sacramento has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by Warden G.D. Lewis, Sergeants Love and R. Butcher, and Correctional Officers Staint-Lois and Montanez, employees of Pelican Bay State Prison, where Plaintiff was previously incarcerated. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff's motion for leave to proceed *in forma pauperis* is granted in a separate order. The Court now reviews Plaintiff's complaint.

## DISCUSSION

**I. Preliminary Review of Complaint**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under section 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669

2

F.3d 937, 942 (9th Cir. 2012).

Leave to amend should be granted only if the pleading "deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)).

## II. Plaintiff's Claims

The following is a summary of the allegations in Plaintiff's complaint. On May 28, 2012, Plaintiff filed an administrative grievance about correctional officers damaging his television. On June 1, 2012, Sgt. Love told Plaintiff that, in response to Plaintiff's grievance, he wanted to repair Plaintiff's television. Officer Montanez then took Plaintiff's television and gave him a form indicating it was sent for repairs. Officer Staint-Lois was also present when Plaintiff's television was taken. Two weeks later, Plaintiff asked Sgt. Love when his television would be returned to him. Sgt. Love told Plaintiff to stop filing administrative appeals or he would never get his television back. When Plaintiff asked Officer Montanez when his television would be returned, Officer Montanez laughed and said, if Plaintiff had not filed a grievance, he would still have his television.

On June 21, 2012, Sgt. Butcher told Plaintiff he had investigated Plaintiff's claim about his television but he found no record of the television being repaired. On June 22, 2012, Plaintiff told Sgt. Butcher he thought his television was taken in retaliation for his administrative grievance. Sgt. Butcher said that no one broke Plaintiff's television and "you will not be getting your T.V. back. This is our house."

Warden Lewis denied Plaintiff's administrative appeal about the retaliatory taking of his television and, thus, was aware that Plaintiff had been unlawfully deprived of his property.

Warden Lewis also was responsible for the policy and regulations requiring the removal of speakers from electronic appliances and musical instruments. Because prison staff could check on the proper functioning of the electronic appliance out of the presence of the property owner, defective equipment could be returned to the owner. The policy subjected Plaintiff to the retaliatory taking of his television because it caused his television to malfunction, which caused

him to file a grievance, which motivated Defendants to retaliate against him.

Plaintiff's television was never returned to him nor did he receive any compensation for it.

Based on these allegations, Plaintiff asserts a First Amendment retaliation claim and Fourteenth Amendment claims for taking his property without due process and without just compensation.

### A. First Amendment Retaliation Claim

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Although the allegations do not state how Defendants' retaliatory acts chilled the exercise of Plaintiff's First Amendment rights, they fulfill the four other requirements of a First Amendment retaliation claim. This is sufficient to put Defendants on notice of the claim against them. *See Erickson*, 551 U.S. at 93. Therefore, liberally construed, the allegations appear to state a cognizable First Amendment retaliation claim against Defendants.

### B. Fourteenth Amendment Claims

#### 1. Due Process

Neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law

provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff's allegations involve an intentional, unauthorized deprivation of property, the sort of claim that is not cognizable under §1983, and so it is dismissed. Dismissal is without leave to amend because amendment would be futile. *See Corinthian Colleges*, 655 F3d at 995 (dismissal with prejudice appropriate where amendment would be futile).

### 2. Taking Without Just Compensation

The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. It applies to the states through the Due Process Clause of the Fourteenth Amendment. *Schneider v. California Dep't Of Corrections*, 151 F.3d 1194, 1198 (9th Cir. 1998). Although the allegations do not state that Plaintiff's property was taken for public use, they are sufficient to put Defendants on notice of the claim against them. *See Erickson*, 551 U.S. at 93. Therefore, liberally construed, the allegations appear to state a cognizable Fourteenth Amendment claim based on Defendants' taking Plaintiff's television without compensating him for it.

### C. Claim Based on Regulations

The allegations that Lewis violated Plaintiff's constitutional rights by creating prison regulations for the removal of speakers from electronic instruments fail to state a cognizable claim because there is an insufficient causative relationship between the regulations and the alleged retaliatory taking of the television. Plaintiff attempts to provide the causative relationship by alleging that the removal of the speakers set in motion a process that caused him to file his first grievance about his television not working which, in turn, caused the retaliatory taking. However, this alleged chain of events leading to the retaliatory taking is too attenuated to show an actual and proximate causative relationship. *See Lemire*, 756 F.3d at 1074 (liability may be imposed only if plaintiff can show defendant's actions caused the deprivation of a federally protected right). Any claim based on the challenged regulations is dismissed with prejudice because amendment would be futile.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Fourteenth Amendment due process claim against all Defendants is dismissed. The claim based on regulations against Warden Lewis is dismissed. Dismissal of these claims is with prejudice because amendment would be futile.

2. Plaintiff states a cognizable First Amendment retaliation claim and a Fourteenth Amendment takings claim against all Defendants.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Pelican Bay State Prison Defendants Warden Lewis, Sgts. Love and Butcher and Officers Montanez and Staint Lois.</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have

been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

5. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

6. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than fourteen days prior to the deadline

1 sought to be extended.

2     IT IS SO ORDERED.

3 Dated: September 4, 2015

                          KANDIS A. WESTMORE
                          United States Magistrate Judge